RECEIVED IN ALEXANDRIA AUG 15 2006 ROBERT H. SHEMWELL, CLERK WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Leroy Miles | DOCKET NO. 1:06 CV 1079 |
| | SECTION P |
| VS. | JUDGE DEE D. DRELL |
| Timothy Wilkinson, ET AL | MAGISTRATE JUDGE KIRK |

### Report and Recommendation

Before the Court is a 42 U.S.C. §1983 action filed by *pro se* Plaintiff, **Leroy Miles** ("Plaintiff"). Plaintiff is currently confined at Winn Correctional Center in Winnfield, Louisiana ("WCC"). Plaintiff was granted permission to proceed *in forma pauperis* in the instant action on July 7, 2006. [Rec. Doc.2] This matter is before the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and an order of the District Court.

### FACTS AND PROCEDURAL HISTORY

Plaintiff alleges violations of his civil rights by correctional officers in failing to protect him from other inmate, using excessive force, and providing him with inadequate medical care. He seeks monetary damages.

### SCREENING

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis*

in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and

dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**FAILURE TO PROTECT**

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment affords inmates a measure of protection from violent attacks by other inmates. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983). However, to establish a failure to protect claim under § 1983, Plaintiff must show that he was incarcerated under conditions that posed a substantial risk of serious harm to his safety and that the Defendants were

deliberately indifferent to his need for protection. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., 114 S.Ct. at 1979. Prison officials are not liable for failure to protect if (1)"they were unaware of even an obvious risk to inmate health or safety," (2)"they did not know of the underlying facts indicating a sufficiently substantial danger," (3)"they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (4) "they knew of a substantial risk to inmate health or safety ... [and] responded reasonably to the danger, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844-45, 114 S.Ct. at 1982-83.

Plaintiff claims he was the victim of an attack by other inmates because the prison did not provide enough protection. Plaintiff asserts Officer Beaubouef "stood and watched outside the tier with no realistic attempt to intervene or stop the other inmates from stabbing the plaintiff." [Doc. 1 Pg. 3]. However, The Plaintiff failed to promptly report any type of disagreement between himself and the other party. The plaintiff master record had "no enemies listed" in his file. [Doc. 1 pg. 17] Thus, Officer Beaubouef responded properly and his actions do not amount to **deliberate indifference**. Thus, plaintiff has failed to articulate

facts that support a claim of deliberate indifference. As such, Plaintiff's claim should be dismissed as frivolous, and delusional pursuant to 28 U.S.C.§ 1915(e).

To the extent the Plaintiff is suggesting in paragraphs 12-26 pg.7 Doc 1 there was a lack of security due to inadequate funding and guards granting privileges to certain inmates is unsubstantiated in fact. Here, Plaintiff makes only conclusory allegations. Therefore, this claim should also be dismissed as frivolous, and delusional pursuant to 28 U.S.C.§ 1915(e).

### EXCESSIVE FORCE

[T]o succeed on an excessive force claim, the plaintiff bears the burden of showing: '(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." Goodson v. City of Corpus Christi, 202 F.3d 730, 740) (5th Cir.2000) (quoting Williams v. Bramer, 180 F.3d 699, 703 (5th Cir.1999)). With regard to the physical injury requirement, the Fifth Circuit has found that "the law in this Circuit is that to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than de minimis physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir.1999). "[W]ithout this de minimis threshold, every 'least touching' of a [prisoner] would give rise to a section 1983 claim,... Not only would such a rule

swamp the federal courts with questionable excessive force claims, it would also constitute an unwarranted assumption of federal judicial authority to scrutinize the minutiae of state detention activities." Riley v. Dorton, 115 F.3d 1159, 1167 (5th Cir.1997).

Plaintiff has failed to satisfy the requirement of §§ 1997e(e) and demonstrate that he suffered more than a *de minimis* injury from the actions of Defendants. *See Siglar v. Hightower*, 112 F.3d at 193 (holding that an ear that was sore and bruised for three days was a *de minimis* injury); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1186 (5th Cir.1990) (holding that claims of neck strain from a chokehold, scratches, "marks" left on wrists by handcuffs, and rough treatment causing elevated blood pressure did not amount to injuries sufficient to support claims of constitutional excessive use of force); *Wesson v. Oglesby*, 910 F.2d at 283 (finding that the allegation of an officer placing petitioner in a chokehold until he lost consciousness was insufficient to support a claim for excessive force because the injury was *de minimis* ); and *Raley v. Fraser*, 747 F.2d 287, 289 (5th Cir.1984) (holding that use of force which resulted in sore throat and hoarseness for two weeks and raised welts from tightened handcuffs did not amount to abuse of power that shocked the conscience.

Plaintiff asserts Lt. Jordan used excessive force when he sprayed the plaintiff with an inflammatory agent to break up the fight.[Doc. 1 pg. 6] The use of an inflammatory agent by correctional officers to break up a prison fight does not amount to

an injury that is more than *de minimus*. Also, Plaintiff has not alleged facts sufficient to prove that the force used was disproportionate to the need, nor has Plaintiff alleged facts indicative of objective unreasonableness. Therefore, Plaintiff has failed to meet his threshold burden to state an eighth amendment claim of excessive force. Plaintiff's allegation should be dismissed as frivolous and for failure to state a claim.

**Inaedquate medical care**

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the constitution or the laws of the United States and (2)demonstrate that the alleged deprivation was committed by a person acting under the color of state law. Randolph v. Cervantes 130 F.3d 727 (5th Cir. 1997); Pitrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995). Section 1983 complainants must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff's conclusive allegations, without more, do not sufficiently meet the above requirements.

In order to state a section 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321 303, 115 L. Ed. 2d 271

(1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving this risk, must deliberately fail to act. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811, (1994).

Furthermore, negligent medical care does not constitute a valid section 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); See also, Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993)(It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982).

Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See, Stewart v Murphy, 174 F.3d at 534; Mendoza, 989 F.2d at 195; and Varnado, 920 F.2d at 321.

Plaintiff's pleading and exhibits demonstrate a pattern of care by defendants. Plaintiff admits to being sent to the infirmary, staff checking his vital signs, and making a trip to

the E.A. Conway Medical Center in Monroe, Louisiana. [Doc. 1 pg5-8]. In addition, Plaintiff admits to receiving a "Boutracin Zinc Ointment to clean wounds and help ease the pain." [Doc. 1 pg 9] Furthermore, plaintiff admits to receiving medical care and diagnosis from Dr. Pacheo. Dr. Pacheo told the plaintiff to cover up his wounds and that he would be alright. [Doc.1 pg. 9]

Plaintiff at most has submitted evidence that he disagreed with his treatment, but this does not support a claim of deliberate indifference. Therefore, his claims should be dismissed pursuant to 28 U.S.C. §§1915(e)(B)(i)-(iii).

For the above reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint under 42 U.S.C. §1983 should be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 15th day of August, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE