RECEIVED
JAN 29 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEROY ANTHONY MILES,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:06-CV-01079 |
| VERSUS | |
| TIMOTHY WILKINSON, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Due to her suspension from the practice of law, IT IS ORDERED that plaintiff's court-appointed counsel, Jeananne Self, is TERMINATED as plaintiff's attorney in this case.

"Generally speaking, no right to counsel exists in Section 1983 actions." Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989). Appointment of counsel in such actions is authorized only in "exceptional circumstances." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987). In Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir. 1985), the Court stated that, although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will turn on the quality of the case, and the abilities of the individual bringing it. The test for exceptional circumstances involves consideration of several factors, including the type and complexity of the case, the indigent's ability to adequately investigate and present his claims, and the degree of skill necessary to present the case at

trial.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986).  Also, Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

This is a Section 1983 claim alleging the prison is understaffed, which resulted in an attack on and actual harm to plaintiff Miles.  A review of the record in this case reveals that there are no longer any exceptional circumstances warranting appointment of counsel at this time.  There is only one remaining issue in this case which involves the application of well-established and long-standing principles, and the factual issues are simple.  Therefore, new counsel will not be court-appointed.

IT IS FURTHER ORDERED that plaintiff has **thirty (30) days** from the date of this order to retain new counsel.  If plaintiff does not retain new counsel, he will be considered to be proceeding pro se.  If this case proceeds to trial, plaintiff may have the assistance of inmate-counsel at trial.

THUS DONE AND SIGNED in Alexandria, Louisiana on this 24th day of January 2013.

CHIEF JUDGE DEE D. DRELL
UNITED STATES DISTRICT JUDGE